UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GILBERT MITCHELL | § | C.A. NO. 2:21-cv-00056-GGG-DPC |
| | § | |
| VS. | § | |
| | § | |
| REC MARINE LOGISTICS, LLC, ET AL | § | SEC. "T"   MAG. (2) |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes Plaintiff Gilbert Mitchell ("Plaintiff"), complaining of Defendants REC Marine Logistics, LLC, GOL, L.L.C., REC Boats, LLC, Cox Operating, L.L.C., and Expeditors & Production Services Company, and, for cause of action, would respectfully show this Honorable Court as follows:

**I. PARTIES**

1.1     Plaintiff Gilbert Mitchell, is a U.S. citizen and resident of Lafourche Parish, Louisiana.

1.2     Defendant REC Marine Logistics, LLC, is a Louisiana limited liability company doing business in this District and the State of Louisiana for the purpose of accumulating monetary profit, and may be served with process through its registered agent, Ronald Chaddock, 4535 Highway 308, Raceland, Louisiana 70394.

1.3     Defendant GOL, L.L.C., is a Louisiana limited liability company doing business in this District and the State of Louisiana for the purpose of accumulating monetary profit, and may be served with process through its registered agent, Matt Bernard, 4535 Highway 308, Raceland, Louisiana 70394.

1.4     Defendant REC Boats, LLC, is a Louisiana limited liability company doing business in this District and the State of Louisiana for the purpose of accumulating monetary profit, and may be served with process through its registered agent, Ronald Chaddock, 110 Lac Felicity Drive, Luling, Louisiana 70070.

1.5     Defendant Cox Operating, L.L.C., is a Louisiana limited liability company doing business in this District and the State of Louisiana for the purpose of accumulating monetary profit, and may be served with process through its registered agent, CT Corporation System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816.

1.6     Defendant Expeditors & Production Services Company, is a Louisiana corporation doing business in this District and the State of Louisiana for the purpose of accumulating monetary profit, and may be served with process through its registered agent, Todd Matte, 425 Industrial Pkwy, Lafayette, Louisiana 70508.

## II.  JURISDICTION

2.1     The Court has jurisdiction over the lawsuit under 28 U.S.C. §1333 because the suit involves admiralty and maritime jurisdiction.  This case is brought for negligence under the general maritime law.  Additionally this Court has federal question jurisdiction over this matter pursuant to Plaintiff's claims which arise under the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C.A. § 1301, *et seq.*

## III.  VENUE

3.1     Venue is proper in this matter pursuant to the admiralty and maritime laws of the United States.

3.2     Venue is proper in this OCSLA action pursuant to 28 U.S.C.  §1391.

## IV. FACTS

4.1     At all material times hereto, Defendants REC Marine Logistics, LLC, GOL, L.L.C., and REC Boats, LLC ("Vessel Defendants"), owned, operated and/or crewed the M/V *Capt Rod* ("vessel"), the vessel involved in the incident made the basis of this suit, a vessel operating in navigable waters.

4.2     On or about September 1, 2020, Plaintiff was performing work on the vessel as a rigger, and a member of the crew of the vessel.  At the time of the incident, the vessel was at an offshore platform owned and operated by Defendant Cox Operating, LLC ("Cox").  The platform's crane is believed to have been operated by an employee of Defendant Expeditors & Production Services Company ("Expeditors").  During the course of transporting cargo to the vessel from the platform, Plaintiff was struck while the cargo was being lowered to the deck of the vessel, getting pinned between the basket and the side of the vessel. Plaintiff sustained significant injuries as a result.

## V.  CAUSE OF ACTION

### A.     NEGLIGENCE AND GROSS NEGLIGENCE

5.1     As stated above, on or about September 1, 2020, Plaintiff was injured during cargo operations on the vessel.

5.2     The damages sustained by Plaintiff were proximately caused by the negligence of the Vessel Defendants, their officers, agents, or employees, in one or more of the following ways:

    (a)     failing to provide proper and adequate supervision of the lift;

    (b)     failing to properly coordinate the lift;

    (c)     failing to take reasonable precautions for Plaintiff's safety;

  (d)  failing to maintain adequate communication with the crane operator;

  (e)  failing to exercise stop work authority;

  (f)  failing to perform adequate safety meetings and analyses to identify and minimize the risk to Plaintiff and others;

  (g)  failing to assess the conditions on board the vessel prior to beginning the lift;

  (h)  failing to properly train its employees about the proper conditions to conduct a personnel basket transfer;

  (i)  failing to have enough personnel to safely perform the transfer; and,

  (j)  other acts of negligence and/or omissions to be shown at trial herein.

  5.3  Defendants Cox and Expeditors are liable for the subject accident and Plaintiff's injuries and damages by reason of their negligence, gross negligence, and/or conditions attributable to them, directly and/or vicariously, by and through their agents, representatives and/or employees, including the crane operator, in one or more of the following particulars:

  (a)  failing to provide proper and adequate supervision of the lift;

  (b)  failing to properly coordinate the lift;

  (c)  failing to take reasonable precautions for Plaintiff's safety;

  (d)  failing to maintain adequate communication with the deckhand, signalman, or other member of the crew of the vessel to determine when it was safe and appropriate to conduct the transfer to the vessel;

  (e)  allowing an incompetent and reckless crane operator to operate the crane;

  (f)  failing to exercise stop work authority;

  (g)  failing to perform adequate safety meetings and analyses to identify and minimize the risk to Plaintiff and others;

    (h)    failing to assess the conditions on board the vessel prior to beginning the lift;

    (i)    failing to properly train its employees about the proper conditions to conduct a personnel basket transfer;

    (j)    failing to have enough personnel to safely perform the transfer; and

    (k)    other acts of negligence and/or omissions to be shown at trial herein.

5.4    As a result of all Defendants' actions and/or inactions, Plaintiff has been caused to endure considerable pain and suffering, and as a result thereof, was obliged to obtain medical care and treatment, caused to lose time from his employment, and sustain the monetary and financial loss occasioned by said lost time from work. Plaintiff has been prevented, and in all likelihood will continue to be prevented, from engaging in his usual occupations, pastimes and pursuits which he would have engaged in but for the injury aforementioned.

5.5    Plaintiff would show that each of the foregoing, individually or collectively, constituted negligence, which was a proximate cause of his injuries and damages complained of herein.

5.6    In addition to the above negligent acts, Defendants acted willfully, and with malice, or recklessness, in doing the things alleged, and were grossly negligent in the aforementioned particulars.

5.7    Defendants had actual, subjective, awareness of the risks involved in this crane operation but nevertheless proceeded in conscious indifference to the rights, safety, and welfare of Plaintiff.

5.8    Plaintiff's injuries were not culminated by any contributing fault of his own, but solely the negligence and/or gross negligence of Defendants.

### B.     UNSEAWORTHINESS

5.9     Plaintiff's injuries were caused by the Vessel Defendants' breach of duty to furnish a seaworthy vessel.

### C.     JONES ACT CLAIMS AND CLAIMS FOR MAINTENANCE AND CURE

5.10    Plaintiff's injuries were suffered in the course of his employment and were caused by the negligence and/or gross negligence of the Vessel Defendants, their officers, agents, and/or employees, as described herein.

5.11    Plaintiff would show that on the above mentioned date, he was injured while in the service of the Vessel. As a result, the Vessel Defendants had, and continue to have, a non-delegable duty to provide Plaintiff with the benefits of maintenance and cure. Plaintiff would show that he has not reached maximum medical improvement and that Defendants' duties therefore continue. The Vessel Defendants breached their absolute duty by denying payment of maintenance and cure. As a result of the Vessel Defendants' failure to pay and/or delay in paying the benefits of maintenance and cure, Plaintiff has suffered further injuries and damages, for which he now sues. Plaintiff would further show that the Vessel Defendants' failure to provide the benefits of maintenance and cure was not only unreasonable, but was arbitrary and capricious, or wilful, callous and persistent, and that, as a result thereof, Plaintiff is entitled to an award of damages for aggravation of his condition caused by the Vessel Defendants' failure, as well as attorneys' fees, and punitive damages, for which he now sues, in addition to all other relief sought.

### VI. DAMAGES (PECUNIARY AND NON-PECUNIARY)

6.1     As a result of these occurrences and negligent acts, Plaintiff sustained severe and permanent injuries to his body. In addition to the expenses incurred by him and incapacity to

labor caused by his injuries, he has been put to much expense for treatment; such expense is still continuing and he is unable to state the full amount thereof.

6.2     Categorical damages which Plaintiff seeks to recover from Defendants include compensation for the following:

(a)     physical disability sustained by Plaintiff from the date of injury to the time of trial;

(b)     future physical disability reasonably anticipated to be sustained by Plaintiff in the future;

(c)     physical pain and suffering and mental anguish sustained by Plaintiff from the date of injury to time of trial;

(d)     physical pain and suffering and mental anguish which is reasonably anticipated to be suffered by Plaintiff in the future;

(e)     loss or earnings sustained by Plaintiff from the date of injury to time of trial;

(f)     loss of earning capacity reasonably anticipated to be suffered by Plaintiff in the future;

(g)     reasonable and necessary medical expenses incurred by Plaintiff in the treatment of Plaintiff's injuries from the date of injury to time of trial;

(h)     reasonable and necessary medical expenses reasonably anticipated to be sustained by Plaintiff in the future for treatment of Plaintiff's injuries;

(i)     past and future physical disfigurement;

(j)     past and future physical impairment; and

(k)     punitive damages.

## VII. INTEREST

7.1     Plaintiff seeks pre-judgment and post-judgment interest as allowed by law.

## VIII.  JURY DEMAND

8.1     Plaintiff demands a jury trial herein.

WHEREFORE, Plaintiff prays:

(a) that process in due form of law according to the practice of this Honorable Court issue against Defendants summoning them to appear and answer, all and singular, the matters aforesaid;

(b) that a judgment may be entered in favor of Plaintiff against Defendants, jointly, severally and *in solido*, for the amount of his claims to be determined, including for actual damages in an amount exceeding the jurisdictional limits of this Court; prejudgment and post-judgment interest; punitive damages; attorney's fees; costs of suit; and

(c) for such other and further relief as the Court and justice may deem just and appropriate under the circumstances of the cause, and to which Plaintiff is entitled.

Respectfully submitted,

/s/ *Eric J. Rhine*
Eric J. Rhine (*admitted PHV*)
Texas State Bar No. 24060485
erhine@spaglaw.com
SPAGNOLETTI LAW FIRM
401 Louisiana Street, 8th Floor
Houston, Texas 77002
Telephone:     713-653-5600

Randy J. Ungar (Bar No. 12387)
randy@ungarlaw.net
3220 N. Arnoult Street, No. 110
Metairie, Louisiana 70002
Telephone:     504-450-3389

ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

Since no party has appeared to date, a copy of the foregoing will be provided to the parties who have been served, by email on this 2nd day of March, 2021, after the filing of same. The newly added party will be served with Summons in accordance with Rule 4(h) FRCP.

*/s/ Eric J. Rhine*
Eric J. Rhine