UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GILBERT MITCHELL**<br><br>*Plaintiff*<br><br>**VERSUS**<br><br>**REC MARINE LOGISTICS, LLC, GOL, L.L.C., REC BOATS, LLC, COX OPERATING, L.L.C. AND DYNAMIC PRODUCTION SERVICES, INC.**<br><br>*Defendants* | **CIVIL ACTION NO. 2:21-cv-00056**<br><br>**SECTION T:**<br>**DISTRICT JUDGE GREG G. GUIDRY**<br><br>**DIVISION 2:**<br>**MAGISTRATE JUDGE**<br>**DONNA PHILLIPS CURRAULT** |

## COX OPERATING, LLC'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes defendant, Cox Operating, LLC (hereinafter sometimes referred to as "defendant" or "Cox"), and responds to the Original Complaint filed by plaintiff, Gilbert Mitchell (hereinafter sometimes referred to as "plaintiff'), as follows:

### FIRST DEFENSE

The Original Complaint fails to state a claim, cause, or right of action against Cox upon which relief can be granted.

### SECOND DEFENSE

The Original Complaint is barred by the applicable period of prescription and/or statute of limitations, and/or laches.

### THIRD DEFENSE

**AND NOW**, without waiving any of the foregoing defenses, Cox responds to the specific

allegations of plaintiff's Original Complaint categorically and by paragraph as follows:

1.

The allegations contained in Paragraph 1.1 of the Original Complaint are denied for lack of sufficient information to justify a belief therein.

2.

The allegations contained in Paragraph 1.2 of the Original Complaint are denied for lack of sufficient information to justify a belief therein.

3.

The allegations contained in Paragraph 1.3 of the Original Complaint are denied for lack of sufficient information to justify a belief therein.

4.

The allegations contained in Paragraph 1.4 of the Original Complaint are denied for lack of sufficient information to justify a belief therein.

5.

The domiciliary and service allegations contained in Paragraph 1.5 of the Original Complaint are admitted. Any other allegations contained in Paragraph 1.5 are denied.

6.

The allegations contained in Paragraph 1.6 of the Original Complaint are denied for lack of sufficient information to justify a belief therein.

7.

The allegations contained in Paragraph 2.1 of the Original Complaint state conclusions of law which require no response on the part of Cox. To the extent a response is deemed necessary, the allegations contained in Paragraph 2.1 are denied for lack of sufficient information to justify a

belief therein.

8.

The allegations contained in Paragraph 3.1 of the Original Complaint state conclusions of law which require no response on the part of Cox. To the extent a response is deemed necessary, the allegations contained in Paragraph 3.1 are denied for lack of sufficient information to justify a belief therein.

9.

The allegations contained in Paragraph 3.2 of the Original Complaint state conclusions of law which require no response on the part of Cox. To the extent a response is deemed necessary, the allegations contained in Paragraph 3.2 are denied for lack of sufficient information to justify a belief therein.

10.

The allegations contained in Paragraph 4.1 of the Original Complaint are denied for lack of sufficient information to justify a belief therein.

11.

The allegations contained in Paragraph 4.2 of the Original Complaint are denied.

12.

The allegations contained in Paragraph 5.1 of the Original Complaint are denied.

13.

The allegations contained in Paragraph 5.2 of the Original Complaint do not pertain to Cox and require no response on its part. To the extent a response is deemed necessary, the allegations contained in Paragraph 5.2, including all subparts, are denied for lack of sufficient information to justify a belief therein.

14.

The allegations contained in Paragraph 5.3 of the Original Complaint, including all subparts, are denied to the extent that they pertain to Cox. To the extent the allegations pertain to any other party, such are denied for lack of sufficient information to justify a belief therein.

15.

The allegations contained in Paragraph 5.4 of the Original Complaint are denied to the extent that they pertain to Cox. To the extent the allegations pertain to any other party, such are denied for lack of sufficient information to justify a belief therein.

16.

The allegations contained in Paragraph 5.5 of the Original Complaint are denied to the extent that they pertain to Cox. To the extent the allegations pertain to any other party, such are denied for lack of sufficient information to justify a belief therein.

17.

The allegations contained in Paragraph 5.6 of the Original Complaint are denied to the extent that they pertain to Cox. To the extent the allegations pertain to any other party, such are denied for lack of sufficient information to justify a belief therein.

18.

The allegations contained in Paragraph 5.7 of the Original Complaint are denied to the extent that they pertain to Cox. To the extent the allegations pertain to any other party, such are denied for lack of sufficient information to justify a belief therein.

19.

It is denied that any injuries allegedly sustained by plaintiff "were not culminated by any contributing fault of his own." To the contrary, Cox avers that any injuries sustained by the

plaintiff, which injuries are specifically denied, were solely caused by plaintiff's own negligence or fault. The remainder of the allegations contained in Paragraph 5.8 of the Original Complaint are denied to the extent that they pertain to Cox. To the extent the remainder of the allegations pertain to any other party, such are denied for lack of sufficient information to justify a belief therein.

20.

The allegations contained in Paragraph 5.9 of the Original Complaint do not pertain to Cox and require no response on its part. To the extent a response is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief therein.

21.

The allegations contained in Paragraph 5.10 of the Original Complaint do not pertain to Cox and require no response on its part. To the extent a response is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief therein.

22.

The allegations contained in Paragraph 5.11 of the Original Complaint do not pertain to Cox and require no response on its part. To the extent a response is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief therein.

23.

The allegations contained in Paragraph 6.1 of the Original Complaint are denied.

24.

The allegations contained in Paragraph 6.2 of the Original Complaint, including all subparts, are denied.

25.

The allegations contained in Paragraph 7.1 of the Original Complaint are denied.

26.

The allegations contained in Paragraph 8.1 of the Original Complaint require no response on the part of Cox. Cox acknowledges that plaintiff has requested a jury trial, but reserves the right to contest plaintiff's entitlement to a jury should the facts and the law warrant.

**FOURTH DEFENSE**

Cox denies the allegations of any unnumbered and/or mis-numbered paragraphs, any allegations contained in the Prayer for Relief, and any allegations contained in the Original Complaint which have not heretofore been addressed.

**FIFTH DEFENSE**

Cox avers that it is in no way responsible for the alleged incident in question; it was not negligent.

**SIXTH DEFENSE**

Plaintiff's illnesses or injuries, if any, resulted from his own sole fault, and negligence and/or inattention to duty or from the fault, negligence, and/or inattention of others for whom Cox is not responsible.

**SEVENTH DEFENSE**

In the alternative, Cox pleads the contributory negligence of plaintiff in bar of or in diminution of any recovery.

**EIGHTH DEFENSE**

Further in the alternative, Cox avers that plaintiff's injuries, if any, resulted from a condition that was open and obvious to the plaintiff.

**NINTH DEFENSE**

Cox further avers that if plaintiff sustained any injuries, which are specifically denied, said

injuries were caused or brought about by the ordinary normal risks incident to his occupation, which were voluntarily assumed by the plaintiff and for which Cox is in no way responsible.

### TENTH DEFENSE

If the plaintiff sustained any illness or injury, which is specifically denied, then said illness or injury was caused by and/or contributed to and/or aggravated by the negligence of plaintiff or others for whom Cox is in no way responsible.

### ELEVENTH DEFENSE

Without waiving the above and foregoing, and further answering if same be necessary, Cox avers that plaintiff's damages arose as the result of a pre-existing and/or subsequently developed physical and/or mental condition which was neither caused nor aggravated by any act or omission of Cox, thus barring or mitigating any recovery by plaintiff herein.

### TWELFTH DEFENSE

Further answering the plaintiff's Original Complaint, and as a separate and distinct defense, Cox alleges that if plaintiff has sustained any injury or illness, which is specifically denied, such injury or illness existed before the time of his alleged accident, and that he knew or should have known he was physically unfit and unable for the duties which he undertook to perform, all of which were not made known to Cox or to plaintiff's employer and for which Cox is not responsible.

### THIRTEENTH DEFENSE

Cox would show that if plaintiff was injured, which is specifically denied, such injury was caused by equipment and/or occurred in an area over which Cox had no control or authority.

### FOURTEENTH DEFENSE

Cox pleads that any negligence for which Cox is allegedly responsible, which is denied, was in no way connected with the injuries for which plaintiff seeks recovery.

**FIFTEENTH DEFENSE**

Cox alleges that the plaintiff has failed to mitigate any damages he may have sustained, and his recovery is therefore defeated or mitigated.

**SIXTEENTH DEFENSE**

While denying any liability to plaintiff whatsoever, Cox further avers that any injuries alleged by the plaintiff were caused in whole or in part by the fault, acts, negligence, or omissions of a third-party or parties over whom Cox exercised no control or supervision and for whom Cox has no responsibility or liability, such party or parties being solely and/or concurrently at fault or negligent, and in the event that it is determined that the plaintiff is entitled to recover from Cox, which is denied, the plaintiff's recovery should be reduced in proportion to the degree or percentage of negligence or fault of such third-party or parties.

**SEVENTEENTH DEFENSE**

As a time charterer of the vessel in question, Cox is not responsible for any alleged unseaworthiness of the vessel or for the negligence of the vessel, its owners, or its crew.

**EIGHTEENTH DEFENSE**

Cox did not breach any of the duties which it may have owed as a time charterer of the vessel in question.

**NINETEENTH DEFENSE**

Cox avers that any damages allegedly sustained by the plaintiff were the result of intervening and/or superseding acts and/or causes which were the proximate and/or sole causes of those alleged damages, and for which Cox, or any other person, party, or entity for which Cox would be responsible, was not responsible.

**TWENTIETH DEFENSE**

In the further alternative, Cox specifically alleges and avers that any damages allegedly sustained by the plaintiff were due to a fortuitous event, an act of God, or *force majeure* or other circumstances beyond Cox's control or responsibility and were not proximately caused by any acts or omissions on the part of Cox or any other person, party or entity for whom it would be responsible.

**TWENTY-FIRST DEFENSE**

As an alleged Jones Act seaman, plaintiff is not entitled to recover non-pecuniary damages, including punitive damages.

**TWENTY-SECOND DEFENSE**

While at all times denying any negligence or fault, Cox avers that any claims for punitive damages based on the alleged failure to pay maintenance and cure cannot be asserted against Cox, as Cox was not the employer of plaintiff and therefore owed no obligation to pay maintenance and cure benefits.

**TWENTY-THIRD DEFENSE**

Cox reserves the right to supplement, amend, or modify its affirmative defenses and answers to conform to such facts as may be revealed in discovery or otherwise.

**WHEREFORE,** the premises considered, defendant, Cox Operating, LLC, prays that this Answer be deemed good and sufficient and, that after due proceedings be had, there be judgment herein in favor of defendant, Cox Operating, LLC, and against plaintiff, Gilbert Mitchell, dismissing the plaintiff's Original Complaint at plaintiff's cost, and that defendant, Cox Operating, LLC, be granted such other and further relief as equity and justice of the cause may require and permit.

Respectfully submitted:

*/s/ Kyle A. Khoury*_____
Salvador J. Pusateri (#21036)
Kyle A. Khoury, T.A. (#33216)
**PUSATERI, JOHNSTON, GUILLOT & GREENBAUM, LLC**
1100 Poydras Street – Suite 2250
New Orleans, Louisiana 70163
Telephone: (504) 620-2500
Facsimile: (504) 620-2510
Salvador.Pusateri@pjgglaw.com
Kyle.Khoury@pjgglaw.com
**Attorneys for Cox Operating, LLC**