# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GILBERT MITCHELL** | **CIVIL ACTION NO. 2:21-cv-00056** |
| *Plaintiff* | **SECTION T:** |
| **VERSUS** | **DISTRICT JUDGE GREG G. GUIDRY** |
| | **DIVISION 2:** |
| **REC MARINE LOGISTICS, LLC,** | **MAGISTRATE JUDGE** |
| **GOL, L.L.C., REC BOATS, LLC,** | **DONNA PHILLIPS CURRAULT** |
| **COX OPERATING, L.L.C. AND** | |
| **DYNAMIC PRODUCTION SERVICES,** | |
| **INC.** | |
| *Defendants* | |

## GOL, L.L.C.'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes defendant, GOL, L.L.C. (hereinafter sometimes referred to as "GOL" or "defendant"), which responds to the Original Complaint filed by plaintiff, Gilbert Mitchell (hereinafter sometimes referred to as "plaintiff'), as follows:

### FIRST DEFENSE

The Original Complaint fails to state a claim, cause, or right of action against GOL upon which relief can be granted.

### SECOND DEFENSE

The Original Complaint is barred by the applicable period of prescription and/or statute of limitations, and/or laches.

### THIRD DEFENSE

**AND NOW**, without waiving any of the foregoing defenses, GOL responds to the specific

allegations of plaintiff's Original Complaint categorically and by paragraph as follows:

1.

The allegations contained in Paragraph 1.1 of the Original Complaint are denied for lack of sufficient information to justify a belief therein.

2.

The allegations contained in Paragraph 1.2 of the Original Complaint are denied for lack of sufficient information to justify a belief therein.

3.

The domiciliary and service allegations contained in Paragraph 1.3 of the Original Complaint are admitted. Any other allegations contained in Paragraph 1.3 are denied.

4.

The allegations contained in Paragraph 1.4 of the Original Complaint are denied for lack of sufficient information to justify a belief therein.

5.

The allegations contained in Paragraph 1.5 of the Original Complaint are denied for lack of sufficient information to justify a belief therein.

6.

The allegations contained in Paragraph 1.6 of the Original Complaint are denied for lack of sufficient information to justify a belief therein.

7.

The allegations contained in Paragraph 2.1 of the Original Complaint state conclusions of law which require no response on the part of GOL. To the extent a response is deemed necessary, the allegations contained in Paragraph 2.1 are denied for lack of sufficient information to justify a

belief therein.

8.

The allegations contained in Paragraph 3.1 of the Original Complaint state conclusions of law which require no response on the part of GOL. To the extent a response is deemed necessary, the allegations contained in Paragraph 3.1 are denied for lack of sufficient information to justify a belief therein.

9.

The allegations contained in Paragraph 3.2 of the Original Complaint state conclusions of law which require no response on the part of GOL. To the extent a response is deemed necessary, the allegations contained in Paragraph 3.2 are denied for lack of sufficient information to justify a belief therein.

10.

The allegations contained in Paragraph 4.1 of the Original Complaint are denied to the extent that they pertain to GOL. To the extent the allegations pertain to any other party, such are denied for lack of sufficient information to justify a belief therein.

11.

The allegations contained in Paragraph 4.2 of the Original Complaint are denied.

12.

The allegations contained in Paragraph 5.1 of the Original Complaint are denied.

13.

The allegations contained in Paragraph 5.2 of the Original Complaint, including all subparts, are denied.

14.

The allegations contained in Paragraph 5.3 of the Original Complaint do not pertain to GOL and require no response on its part. To the extent a response is deemed necessary, the allegations contained in Paragraph 5.3, including all subparts, are denied for lack of sufficient information to justify a belief therein.

15.

The allegations contained in Paragraph 5.4 of the Original Complaint are denied to the extent that they pertain to GOL. To the extent the allegations pertain to any other party, such are denied for lack of sufficient information to justify a belief therein.

16.

The allegations contained in Paragraph 5.5 of the Original Complaint are denied to the extent that they pertain to GOL. To the extent the allegations pertain to any other party, such are denied for lack of sufficient information to justify a belief therein.

17.

The allegations contained in Paragraph 5.6 of the Original Complaint are denied to the extent that they pertain to GOL. To the extent the allegations pertain to any other party, such are denied for lack of sufficient information to justify a belief therein.

18.

The allegations contained in Paragraph 5.7 of the Original Complaint are denied to the extent that they pertain to GOL. To the extent the allegations pertain to any other party, such are denied for lack of sufficient information to justify a belief therein.

19.

It is denied that any injuries allegedly sustained by plaintiff "were not culminated by any

contributing fault of his own." To the contrary, GOL avers that any injuries sustained by the plaintiff, which injuries are specifically denied, were solely caused by plaintiff's own negligence or fault. The remainder of the allegations contained in Paragraph 5.8 of the Original Complaint are denied to the extent that they pertain to GOL. To the extent the remainder of the allegations pertain to any other party, such are denied for lack of sufficient information to justify a belief therein.

20.

The allegations contained in Paragraph 5.9 of the Original Complaint are denied.

21.

The allegations contained in Paragraph 5.10 of the Original Complaint are denied.

22.

The allegations contained in Paragraph 5.11 of the Original Complaint are denied.

23.

The allegations contained in Paragraph 6.1 of the Original Complaint are denied.

24.

The allegations contained in Paragraph 6.2 of the Original Complaint, including all subparts, are denied.

25.

The allegations contained in Paragraph 7.1 of the Original Complaint are denied.

26.

The allegations contained in Paragraph 8.1 of the Original Complaint require no response on the part of GOL. GOL acknowledges that plaintiff has requested a jury trial, but reserves the right to contest plaintiff's entitlement to a jury should the facts and the law warrant.

### FOURTH DEFENSE

GOL denies the allegations of any unnumbered and/or mis-numbered paragraphs, any allegations contained in the Prayer for Relief, and any allegations contained in the Original Complaint which have not heretofore been addressed.

### FIFTH DEFENSE

GOL avers that it was in no way responsible for the alleged incident in question; it was not negligent.

### SIXTH DEFENSE

GOL was merely a vessel broker, and had no operational control over or ownership of the M/V CAPT ROD. As such, GOL is not responsible for any alleged unseaworthiness of the vessel or for the alleged negligence of the vessel, its owner, or its crew. However, upon information and belief, the M/V CAPT ROD was at all pertinent times seaworthy and fit for the service in which it was engaged.

### SEVENTH DEFENSE

Plaintiff's illnesses or injuries, if any, resulted from his own sole fault, and negligence and/or inattention to duty or from the fault, negligence, and/or inattention of others for whom GOL is not responsible.

### EIGHTH DEFENSE

In the alternative, GOL pleads the contributory negligence of plaintiff in bar of or in diminution of any recovery.

### NINTH DEFENSE

Further in the alternative, GOL avers that plaintiff's injuries, if any, resulted from a condition which was open and obvious to plaintiff.

## TENTH DEFENSE

GOL further avers that if plaintiff sustained any injuries, which are specifically denied, said injuries were caused or brought about by the ordinary normal risks incident to his occupation, which were voluntarily assumed by the plaintiff and for which GOL is in no way responsible.

## ELEVENTH DEFENSE

If the plaintiff sustained any illness or injury, which is specifically denied, then said illness or injury was caused by and/or contributed to and/or aggravated by the negligence of plaintiff or others for whom GOL is in no way responsible.

## TWELFTH DEFENSE

Without waiving the above and foregoing, and further answering if same be necessary, GOL avers that plaintiff's damages arose as the result of a pre-existing and/or subsequently developed physical and/or mental condition which was neither caused nor aggravated by any act or omission of GOL, thus barring or mitigating any recovery by plaintiff herein.

## THIRTEENTH DEFENSE

Further answering the plaintiff's Original Complaint, and as a separate and distinct defense, GOL alleges that if plaintiff has sustained any injury or illness, which is specifically denied, such injury or illness existed before the time of his alleged accident, and that he knew or should have known he was physically unfit and unable for the duties which he undertook to perform, all of which were not made known to GOL or to plaintiff's employer and for which GOL is not responsible.

## FOURTEENTH DEFENSE

GOL would show that if plaintiff was injured, which is specifically denied, such injury was caused by equipment and/or occurred in an area over which GOL had no control or authority.

**FIFTEENTH DEFENSE**

GOL pleads that any negligence for which GOL is allegedly responsible, which is denied, was in no way connected with the injuries for which plaintiff seeks recovery.

**SIXTEENTH DEFENSE**

GOL alleges that the plaintiff has failed to mitigate any damages he may have sustained, and his recovery is therefore defeated or mitigated.

**SEVENTEENTH DEFENSE**

While denying any liability to plaintiff whatsoever, GOL further avers that any injuries alleged by the plaintiff were caused in whole or in part by the fault, acts, negligence, or omissions of a third party or parties over whom GOL exercised no control or supervision and for whom GOL has no responsibility or liability, such party or parties being solely and/or concurrently at fault or negligent, and in the event that it is determined that the plaintiff is entitled to recover from GOL, which is denied, the plaintiff's recovery should be reduced in proportion to the degree or percentage of negligence or fault of such third party or parties.

**EIGHTEENTH DEFENSE**

GOL avers that any damages allegedly sustained by the plaintiff were the result of intervening and/or superseding acts and/or causes which were the proximate and/or sole causes of those alleged damages, and for which GOL, or any other person, party, or entity for which GOL would be responsible, was not responsible.

**NINETEENTH DEFENSE**

In the further alternative, GOL specifically alleges and avers that any damages allegedly sustained by the plaintiff were due to a fortuitous event, an act of God, or *force majeure* or other circumstances beyond GOL's control or responsibility and were not proximately caused by any

acts or omissions on the part of GOL or any other person, party or entity for whom it would be responsible

### TWENTIETH DEFENSE

As an alleged Jones Act seaman, plaintiff is not entitled to recover non-pecuniary damages, including punitive damages.

### TWENTY-FIRST DEFENSE

While at all times denying any negligence or fault, GOL avers that any claim for punitive damages based on the alleged failure to pay maintenance and cure cannot be asserted against GOL, as GOL was not the employer of plaintiff and therefore owed no obligation to pay maintenance and cure benefits.

### TWENTY-SECOND DEFENSE

In the alternative, GOL pleads the benefits and protections of the Limitation of Vessel Owner's Liability Act of 1851, 46 U.S.C.A. § 30501, *et seq.,* should it be held liable unto plaintiff in any regard, which is specifically denied.

### TWENTY-THIRD DEFENSE

GOL reserves the right to supplement, amend, or modify its affirmative defenses and Answer to conform to such facts as may be revealed in discovery or otherwise.

**WHEREFORE**, the premises considered, defendant, GOL, L.L.C., prays that this, its Answer, be deemed good and sufficient and that after due proceedings are had, that this Court issue judgment in GOL's favor and against plaintiff, dismissing plaintiff's Original Complaint at his cost, and that GOL, L.L.C. be granted such other and further relief as equity and justice of the cause may require and permit.

Respectfully submitted:

*/s/ Kyle A. Khoury*
Salvador J. Pusateri (#21036)
Kyle A. Khoury, T.A. (#33216)
**PUSATERI, JOHNSTON, GUILLOT & GREENBAUM**
1100 Poydras Street – Suite 2250
New Orleans, Louisiana 70163
Telephone: (504) 620-2500
Facsimile: (504) 620-2510
Salvador.Pusateri@pjgglaw.com
Kyle.Khoury@pjgglaw.com
**Attorneys for GOL, L.L.C.**