UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GILBERT MITCHELL<br>*Plaintiff* | * | CIVIL ACTION NO. 2:21-cv-00056 |
| | * | JUDGE GREG G. GUIDRY |
| VS. | | |
| | * | MAG. JUDGE DONNA P. CURRAULT |
| REC MARINE LOGISTICS, LLC, ET AL.<br>*Defendants* | * | |

\*   \*   \*   \*   \*   \*   \*

## EXPEDITORS & PRODUCTION SERVICES COMPANY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Defendant, Expeditors & Production Services Company ("Expeditors"), which responds to the First Amended Complaint of Plaintiff, Gilbert Mitchell ("Plaintiff"), upon information and belief, as follows:

### FIRST DEFENSE

The First Amended Complaint fails to state a claim or cause of action against Expeditors upon which relief can be granted.

### SECOND DEFENSE

And now, responding to the particular averments in the First Amended Complaint, Expeditors responds as follows:

1.

Paragraph 1.1 is denied for lack of information sufficient to form a basis for belief therein.

2.

Paragraph 1.2 is for lack of information sufficient to form a basis for belief therein.

3.

Paragraph 1.3 is denied for lack of information sufficient to form a basis for belief therein.

4.

Paragraph 1.4 is denied for lack of information sufficient to form a basis for belief therein.

5.

Paragraph 1.5 is denied for lack of information sufficient to form a basis for belief therein.

6.

The domiciliary and service allegations contained in Paragraph 1.6 are admitted.   All other allegations in said paragraph are denied.

7.

Paragraph 2.1 contains conclusions of law for which no response is required.   Should a response be required, same is denied for lack of information sufficient to form a basis for belief therein.

8.

Paragraph 3.1 contains conclusions of law for which no response is required.   Should a response be required, same is denied for lack of information sufficient to form a basis for belief therein.

9.

Paragraph 3.2 contains conclusions of law for which no response is required.   Should a response be required, same is denied for lack of information sufficient to form a basis for belief therein.

10.

Paragraph 4.1 does not pertain to Expeditors and requires no response by it.   Should a response be required, same is denied for lack of information sufficient to form a basis for belief therein.

11.

Paragraph 4.2 is denied.

12.

Paragraph 5.1 is denied.

13.

Paragraph 5.2 is denied to the extent it pertains to Expeditors.   To the extent it pertains to any other party, it is denied for lack of information sufficient to form a basis for belief therein.

14.

Paragraph 5.3 is denied to the extent it pertains to Expeditors.   To the extent it pertains to any other party, it is denied for lack of information sufficient to form a basis for belief therein.

15.

Paragraph 5.4 is denied to the extent it pertains to Expeditors.   To the extent it pertains to any other party, it is denied for lack of information sufficient to form a basis for belief therein.

16.

Paragraph 5.5 is denied to the extent it pertains to Expeditors.   To the extent it pertains to any other party, it is denied for lack of information sufficient to form a basis for belief therein.

17.

Paragraph 5.6 is denied to the extent it pertains to Expeditors.   To the extent it pertains to any other party, it is denied for lack of information sufficient to form a basis for belief therein.

18.

Paragraph 5.7 is denied to the extent it pertains to Expeditors.   To the extent it pertains to any other party, it is denied for lack of information sufficient to form a basis for belief therein.

19.

Paragraph 5.8 is denied.

20.

Paragraph 5.9 does not pertain to Expeditors and requires no response by it.   Should a response be required, same is denied for lack of information sufficient to justify a belief therein.

21.

Paragraph 5.10 does not pertain to Expeditors and requires no response by it.   Should a response be required, same is denied for lack of information sufficient to justify a belief therein.

22.

Paragraph 5.11 does not pertain to Expeditors and requires no response by it.   Should a response be required, same is denied for lack of information sufficient to justify a belief therein.

23.

Paragraph 6.1 is denied.

24.

Paragraph 6.2 is denied.

25.

Paragraph 7.1 requires no response.   Should a response be required, same is denied.

26.

Paragraph 8.1 requires no response.   Should a response be required, Expeditors acknowledges Plaintiff's request for a jury trial and joins in that request.

THIRD DEFENSE

Expeditors avers that the damages alleged by Plaintiff, if any exist, which is specifically denied, were caused solely by the fault and negligence of Plaintiff, or others for whom Expeditors has no responsibility, which precludes and bars Plaintiff's recovery herein.

FOURTH DEFENSE

Expeditors avers in the alternative that, if it is found that the Plaintiff suffered damages as a result of the negligence of anyone for whom Expeditors could or might be responsible, which is specifically denied, the damages of Plaintiff were also caused by and/or contributed to by and/or aggravated by Plaintiff's own negligence, and/or the negligence of others and/or the unseaworthiness of vessels for whom or which Expeditors is not responsible, and Expeditors is entitled to have any award or recovery mitigated and reduced accordingly.

## FIFTH DEFENSE

Expeditors avers that if Plaintiff sustained any injuries as alleged, which is denied, that Plaintiff has failed to mitigate his damages, and such failure operates to bar or mitigate the damages claimed by Plaintiff herein.

## SIXTH DEFENSE

Expeditors avers that if Plaintiff sustained any injuries as alleged, which is denied, those injuries were caused in whole or in part by the ordinary and normal risks incident to his occupation, for which Expeditors is not liable.

## SEVENTH DEFENSE

Expeditors avers that if Plaintiff sustained any injuries as alleged, which is denied, those injuries were caused in whole or in part by his own actions, misconduct, breach of employment duties, fault, neglect, or inattention to duty which operate to bar or mitigate any claim herein.

## EIGHTH DEFENSE

Expeditors avers that if Plaintiff sustained any injuries as alleged, which is denied, those injuries were caused by pre-existing conditions, ailments or injuries for which Expeditors is in no way liable.

## NINTH DEFENSE

Expeditors reserves the right to supplement its Answer with additional defenses that may be revealed through discovery.

## JURY DEMAND

Expeditors requests a jury trial on all matters.

WHEREFORE, the premises considered, Expeditors prays that this, its Answer, be deemed good and sufficient and that, after due proceedings had, there be judgment in its favor and against Plaintiff, dismissing Plaintiff's First Amended Complaint against Expeditors at Plaintiff's cost, and for all other legal and equitable relief to which it is entitled.

Respectfully submitted,

*/s/ Michael H. Bagot, Jr.*
_____
MICHAEL H. BAGOT, JR. (#2665)
THOMAS A. RAYER, JR. (#20581)
CHRISTIAN J. ST. MARTIN (#38900)
WAGNER, BAGOT & RAYER, LLP
601 Poydras Street, Suite 1660
New Orleans, Louisiana 70130
Telephone: (504) 525-2141
Facsimile: (504) 523-1587
E-mail: mbagot@wb-lalaw.com
E-mail: trayer@wb-lalaw.com
E-mail: cstmartin@wb-lalaw.com
Attorneys for Expeditors & Production Services Company

### CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of July 2021, the above and foregoing was served electronically to all known counsel of record.

*/s/ Michael H. Bagot, Jr.*
_____
MICHAEL H. BAGOT, JR.

G:\634-76\FW\PLDG\0001